UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NUMINUTITSKA PENATEKAWA TRIBAL TRUST, et al.,

Plaintiffs,

v.

NATIONSTAR MORTGAGE LLC, D/B/A MR. COOPER, et al.,

Defendants.

Case No. 3:23-cv-05162-WHO

**ORDER GRANTING MOTIONS TO DISMISS AND FINDING PLAINTIFF IN VIOLATION OF VEXATIOUS LITIGANT ORDER**

Re: Dkt. Nos. 5, 16

This case was filed by Numinutitska Penatekawa Tribal Trust and Wanag Tahatan-Bey Absolutee Trustee, which are apparent pseudonyms for Kevin-Paul El-Woodruff,[1] a plaintiff who "has a long history of 'serially filing frivolous cases against these defendants to improperly delay a foreclosure despite clear warnings.'" *Woodruff v. Sec'y of Veteran Affs.*, No. 3:23-CV-01043-WHO, 2023 WL 3322567, at *1 (N.D. Cal. May 8, 2023) ("*Woodruff III*") (quoting *Woodruff v. Mason McDuffie Mortg. Corp.*, No. 3:22-CV-03124-WHO, 2022 WL 4487011, at *1 (N.D. Cal. Sept. 12, 2022) ("*Woodruff II*"), *aff'd*, 2023 WL 4992821 (9th Cir. 2023)); *see also Woodruff v. Mason McDuffie Mortg. Corp.*, No. 19-CV-04300-WHO, 2020 WL 5210920, at *1 (N.D. Cal. Sept. 1, 2020) ("*Woodruff I*") (dismissing the case involving the same underlying property on the merits and with prejudice).

In *Woodruff II*, 2022 WL 4487011, at *2-5, I outlined some of Woodruff's filing history, including frivolous filings in federal district, bankruptcy, and state courts. Those filings culminated in a Vexatious Litigant Order enjoining Woodruff from filing any action in this court

[1] *See Woodruff II*, 2022 WL 4487011, at *7 (confirming Wanag Tahatan-bey is a pseudonym for Kevin Woodruff); *see also* Complaint [Dkt. No. 1-1] at pdf 94 (noting, in the complaint filed in this case, that Wanag Tahatan-Bey is the same as Kevin Paul Woodruff).

United States District Court
Northern District of California

United States District Court
Northern District of California

against certain defendants regarding the property at 2013 Mount Hamilton Drive, Antioch, CA 94531, without first obtaining certification from the general duty judge that the complaint is comprehensible and not facially frivolous. *See id.* at *8; *Woodruff III*, 2023 WL 3322567, at *1. That prefiling review order applies "regardless of the name Woodruff uses to file his complaint" and includes "Wanag Tahatan-bey," as used here. *Woodruff II*, 2022 WL 4487011, at *7.

This case would be encompassed by the Vexatious Litigant Order because the complaint concerns the same Mount Hamilton property, ("Compl.") [Dkt. No. 1-1] ¶ 13, and one of the defendants is Nationstar Mortgage, LLC. However, like the complaint in *Woodruff III*, this case was first filed in state court and removed by the defendants,[2] which is why it did not undergo pre-filing review. *See Woodruff III*, 2023 WL 3322567, at *1. Had it undergone such review, it would have been dismissed at the pre-filing stage for frivolousness. *See id.*

The underlying claims are confusing and unclear but appear to stem from the same mortgage and foreclosure related issues addressed on the merits in *Woodruff I*. In that case, I found that Woodruff was judicially estopped from raising any of these claims because he failed to disclose them to the bankruptcy court. *See Woodruff I*, 2020 WL 5210920, at *5-6. I also found that the complaint "utterly fails to state a plausible claim." *Id.* at *6. Woodruff's newest complaint seems to assert a similar underlying set of facts, though this time he frames them as an issue of tribal law, Compl. ¶¶ 23-25, and says that he is "an enrolled [t]ribal member of the Autochthon Kingdom Tribal Nation State," [Dkt. No. 22] ¶ 1, which does not appear to exist. The reframing of the same issues in this way does not save them from being barred as frivolous under my prior orders and as judicially estopped given the same reasoning in *Woodruff I*. The judicial estoppel analysis from *Woodruff I* applies in full force to the claims in this case filed against new defendants, including ServiceLink Title Company and Fidelity National Title Company. These too should have been disclosed in the bankruptcy proceedings and so are barred now.

For those reasons, the motions to dismiss in this case are GRANTED with prejudice

[2] The complaint was properly removed to federal court under federal question jurisdiction, 28 U.S.C. § 1331, because it appears to assert copyright, patent, and constitutional claims. *See* Compl. ¶¶ 8, 10, 13, 20, 23.

because amendment would be futile. [Dkt. Nos. 5, 16].

Finally, the complaint seems to name other defendants in this case but they were not served and also are not the subject of any comprehensible or nonfrivolous allegations. For the reasons stated in the pre-filing review order, *see Woodruff II*, 2022 WL 4487011, at *7, and my previous decision on the merits, *see Woodruff I*, 2020 WL 5210920, at *1-8, any remaining case against these defendants is DISMISSED with prejudice.[3]

**IT IS SO ORDERED.**

Dated: November 7, 2023



William H. Orrick
United States District Judge

United States District Court
Northern District of California

[3] Under Civil Local Rule 7-1(b), I find this matter appropriate for resolution without oral argument and so VACATE the hearing scheduled for December 6, 2023.